J. A. RICKMAN v. MARGARET RICKMAN et al.

1. JUDGMENT. *Clerical error. Correction.* A clerical error in the calculation of interest, shown by the face of the judgment, may be corrected on motion made more than five and less than six years after its rendition, all parties being before the court.

2. SAME. *Interest.* A promise in writing to pay interest at the rate of ten per cent. per annum on a judgment entered upon the execution docket, will not, under the Code, sec. 1944a, make the judgment carry interest at that rate.

FROM PERRY.

Appeal from the Chancery Court at Linden. GEO. H. NIXON, Ch.

N. N. COX for complainant.

MAXWELL & DORHERTY for defendants.

COOPER, J., delivered the opinion of the court.

J. N. Rickman, John Rickman and three children of B. G. Rickman were tenants in common of a tract of land, the first two being adults and the last three minors. The adults sold the land to Pleasant Horner, and joined with him in a bill, filed August 17, 1871, to have the sale confirmed as necessary for partition, and as manifestly to the interest of the infant defendants. Such proceedings were had that the sale was confirmed, divesting title out of the tenants in common and vesting it in Horner, and retaining a lien

for the payment of the purchase money. Horner executed notes for part of the purchase money, due 1st of January, 1872, 1873 and 1874. On one of these notes—probably the last—judgment was taken by motion in the cause, and entered on the execution docket, after which, but when does not appear, Horner entered into an agreement in writing on the execution docket, signed by him, in consideration of further time given, to pay ten per cent. per annum interest on the judgment from its date of rendition till paid, and that the same shall remain a lien upon the land for which the debt was contracted. Horner afterwards died, and on the 16th of August, 1878, the Rickmans filed a bill against his widow and heirs to revive the suit, and enforce the vendor's lien for unpaid purchase money.

Answers were filed to the bill, and the parties agreed in writing that the court might decide, as if raised in the bill, whether the judgment in the record drew interest at the rate of six or ten per. cent. per annum. The court made a reference to the master to ascertain the amount due and unpaid on the judgment, taking proof, and report instanter.

On the 4th of September, 1879, the cause was heard, as the decree recites, upon the original bill and bill of review, and other proceedings had in the cause, and also on the agreement of parties relating to ten per cent. interest, and upon motion of complainants to correct an error in the calculation of interest in the judgment rendered in the cause on the 13th of March, 1874, from which judgment it is apparent that

there exists a mistake of ninety dollars in said judgment. The court thereupon ordered the judgment to be corrected by adding in the omitted sum, as of the date of its rendition, and decreed that complainants were only entitled to interest at the rate of six per cent. on the judgment as corrected. He ordered the land to be sold in satisfaction of the amount found to be due by the report of the master.

The complainants appealed from so much of the decree as refused to allow interest at the rate of ten per cent. on the judgment, and the widow of Horner appealed from that part of the decree which corrected the amount of the judgment.

If, as stated in the chancellor's decree, it appeared on the face of the judgment of the 13th of March, 1874, that there was a mistake in the rendition of the judgment by the omission of ninety dollars, there would be no doubt of the power of the court to make the correction, provided the right to correct had not been lost by the lapse of time. The judgment would be by motion on the note, and doubtless recited the facts, and those facts would show an error in calculation. Such a mistake, when apparent on the face of the record, the courts have undoubtedly the power to correct, both at common law and by statute: *Elliott* v. *Cochran,* 1 Cold., 389; Code, sec. 2878. The judgment is not in the record, but the counsel for the widow in his brief concedes that the error was made in the calculation of interest, and merely insists that the power of the court over the error ceased after the lapse of twelve months from

the rendition of the judgment. The Code, sec. 2877, does limit the right of a party to demand such a correction as of right within the twelve months after final judgment, but sec. 2878 confers on the court the discretionary power to correct any mistake apparent on the face of the record "at any term after final judgment." This court would be slow to revise the action of the lower court in a matter thus left to its discretion, except in a clear case of abuse. This record does not show that the discretion was improperly exercised.

By the Code, sec. 1944a, it was made lawful to contract for any rate of interest not exceeding ten per cent. per annum, "provided that the rate of interest be in writing and expressed in the face of the instrument creating the debt or obligation." This act was in force from June 1, 1870, to March 20, 1877. The record does not show the date at which the written promise to pay ten per cent. interest was signed by Horner. Both parties, in their briefs, have taken it for granted that it was signed about the time the judgment was rendered. The statute contemplates that the instrument creating the debt or obligation, "on the face of which the rate of interest is to be expressed in writing," shall embody the principal of the debt on which the rate of interest is to be calculated. This might be the original note or other instrument, or the judgment rendered thereon. There was no contract for interest at the rate of ten per cent. per annum on the face of the original purchase note, nor on the face of the judgment recovered,

Rickman *v.* Rickman.

thereon. The execution docket contains only the names of the parties and the amount of the judgment and costs, and the entry thereon of such a memorandum or abstract is not an instrument creating a debt or obligation. The contract in question is not, therefore, on the face of the instrument creating the obligation. No doubt the debtor might have written on the execution docket, as on any other paper, a promise to pay the debt evidenced by the entry, with interest at the rate of ten per cent. But that would have been a new obligation for the debt, as well as the interest, which the parties did not contemplate, and which was not made.

Affirm the decree and remand the cause. The complainants will pay one-half the costs of this court and Nancy A. Horner the other half. Costs of the court below as the chancellor may direct.